# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KEITH LAMARR JONES,**

                           **Case No. 2:18-cv-710**

        **Petitioner,**          **JUDGE JAMES L. GRAHAM**

                           **Chief Magistrate Judge Elizabeth P. Deavers**

        **v.**

**BRIAN COOK, WARDEN,**
**SOUTHEASTERN CORRECTIONAL**
**COMPLEX,**

        **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." For the reasons that follow, it is evident that such are the circumstances here. The Magistrate Judge, therefore, **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his December 9, 2009,[1] convictions pursuant to the terms of his guilty plea in the Franklin County Court of Common Pleas on two counts of identity fraud. The trial court imposed a term of five years community control. Petitioner, however, later admitted to violating the terms of his probation, and on May 5, 2011, the trial court revoked the community control and imposed a sentence of five years of imprisonment on each count. *See State v. Jones*, 10th Dist. No. 11AP-1123, 2012 WL 3573279, at *1-2 (Ohio Ct. App. Aug. 21, 2012) (affirming the trial court's denial of Petitioner's motion to dismiss on speedy trial grounds). On February 14, 2012, the appellate court affirmed the trial court's judgment. *State v. Jones*, 10th Dist. No. 11AP-498, 2012 WL 457680 (Ohio Ct. App. Feb. 14, 2012). On June 20, 2012, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Jones*, 132 Ohio St.3d 1423 (Ohio 2012). On December 9, 2011, Petitioner filed an action under 42 U.S.C. § 1983, entitled "Motion for Injunctive Relief," asserting that his rights under the Interstate Agreement on Detainers ("IAD"), had been violated. The Court construed this motion under 28 U.S.C. § 2254, and on January 10, 2012, dismissed the action. *Jones v. Robinson*, Case No. 11-cv-1104. On February 27, 2012, Petitioner filed a second action under 28 U.S.C. § 2254, asserting that his convictions violated the IAD and his right to a speedy trial, he was denied the effective assistance of counsel, and the trial judge was prejudiced by a conflict of interest. On October 4, 2012, *Judgment* was entered dismissing that action barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Jones v. Robinson*, Case No. 2:12-cv-177. On May 28, 2013, the United States Court of Appeals

---

[1] Petitioner states that he is challenging his December 9, *2010*, convictions on two counts of identity fraud. Petition (ECF No. 1, PAGEID # 2.) However, this appears to be a typographical error. *See State v. Jones*, 10th Dist. No. 11AP-1123, 2012 WL 3573279, at *1-2 (Ohio Ct. App. Aug. 21, 2012).

for the Sixth Circuit denied the application for a certificate of appealability. Petitioner has pursued

additional state court action since that time.

> In November 2013, appellant filed a motion captioned "Motion for Correction of
> Sentence Pursuant to R.C. 2929.15(B)(5)." Appellant later filed a motion captioned
> "Motion for Resentencing to Correct a Void Judgment or a Sentence that is
> Contrary to Law," and another motion captioned "Motion to Amend Sentencing
> Journal Entry to Make it Conform to the Oral Original Sentence as Transcribed or
> to Vacate Sentencing Journal Entry and Remand Matter for Resentencing with
> Defendant Being Present." In these motions, appellant asserted that the trial court
> erred by failing to give him proper notice that, if he violated community control, he
> could be imprisoned for up to ten years and that, therefore, the subsequent judgment
> revoking his community control and imposing a prison sentence was void. The
> court below issued a judgment entry denying appellant's motions, concluding that
> they constituted an untimely petition for postconviction relief and that res judicata
> barred appellant's claims.

*State v. Jones*, 10th Dist. No. 14 AP-234, 2014 WL 7462977, at *1 (Ohio Ct. App. Dec. 30, 2014).

On December 30, 2014, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner

subsequently filed a "Motion to Correct Void Judgment" in the state trial court. The trial court

considered it to be a petition for post-conviction relief and dismissed it as untimely. On February

23, 2016, the appellate court affirmed the judgment of the trial court. *State v. Jones*, 10th Dist.

No. 15AP-1041, 2016 WL 716303 (Ohio Ct. App. Feb. 23, 2016). On February 13, 2018, the

appellate court also affirmed the trial court's dismissal of a subsequent post-conviction petition

filed by Petitioner. *State v. Jones*, 10th Dist. No. 17AP-759, 2018 WL 835932 (Ohio Ct. App.

Feb. 13, 2018).

On July 20, 2018, Petitioner filed the § 2254 *Petition* presently before the Court. He asserts

that the trial court improperly sentenced him in violation of Ohio law. As discussed, however, this

is not Petitioner's first federal habeas corpus petition challenging these same convictions. The

Court dismissed his prior habeas corpus petition as time-barred. As such, this action plainly

constitutes a successive *Petition*. "[I]t is well-settled that when the prior petition is dismissed

because the petitioner procedurally defaulted his claims in state court or because the petition is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims[.]" *Sudberry v. Warden, Lebanon Corr. Inst.*, No. 1:17-cv-45, 2017 WL 1050493 (S.D. Ohio Feb. 28, 2017). In such a case, "the petitioner must obtain prior authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application." *Id.*

## II. SUCCESSIVE PETITIONS

28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id.*

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual

predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

## III.  RECOMMENDED DISPOSITION

Consequently, the Magistrate Judge **RECOMMENDS** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

_s/ *Elizabeth A. Preston Deavers*___
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge